*TRANSFER ORDER*

WILLIAM TERRELL HODGES,
Chairman.

This litigation presently consists of three actions: two actions in the Northern District of Mississippi, and one action in the Central District of California.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Southwestern Life Insurance Co. (Southwestern Life) to centralize these actions in the Northern District of Texas for coordinated or consolidated pretrial proceedings. All responding plaintiffs oppose centralization. If the Panel deems centralization appropriate, various plaintiffs suggest centralization in either the Northern District of Mississippi or the Eastern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These related individual actions are brought by numerous plaintiffs who opted out of a nationwide class settlement.[2] Common factual questions arise out of allegations that defendants' deceptive insurance sales practices fraudulently misled plaintiffs to purchase insurance policies issued by Southwestern Life. These sales

## In re SOUTHWESTERN LIFE IN-SURANCE CO. SALES PRAC-TICES LITIGATION

### No. 1528.

Judicial Panel on Multidistrict Litigation.

June 17, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

---

1. An additional action, *Kelly Parden v. Southwestern Life Insurance Co.*, S.D. Alabama, C.A. No. 1:03–28, was included in the Section 1407 motion, but was remanded to Alabama state court on April 21, 2003. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

The Panel has been notified that seven potentially related actions are pending in the following federal courts: six actions in the Middle District of Alabama, and one action in the Southern District of Mississippi. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. *Martindale, et al. v. Southwestern Life Ins. Co.*, E.D. Texas, C.A. No. 1:00–687.

practices include, inter alia, i) using policy illustrations and other sales techniques showing that the premiums would "vanish" after a certain number of years, ii) encouraging policyholders to replace existing policies with new policies when it was not in their best interest, iii) improperly selling life insurance as retirement or investment vehicles, and iv) improperly increasing policy charges or decreasing dividends to account for deferred acquisition costs. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Even though no constituent action is currently pending in the Northern District of Texas, we are persuaded that this district is an appropriate transferee forum for this litigation. We note that i) relevant documents and witnesses are likely located there at or near Southwestern Life's Dallas home office, and ii) several plaintiffs reside in Texas.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Barefoot Sanders for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

*Central District of California*

*Larry Sanitsky, et al. v. Southwestern Life Insurance Co.,* C.A. No. 2:02–3202

*Northern District of Mississippi*

*William E. Riley v. Hillman E. Johnson, et al.,* C.A. No. 2:03–18

*Edmund Duke, et al. v. Southwestern Life Insurance Co., et al.,* C.A. No. 4:03–6